J-S36042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN J. COOKMAN | : | |
| | : | |
| Appellant | : | No. 221 EDA 2018 |

Appeal from the PCRA Order December 11, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001922-1988

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 23, 2018**

Appellant, John J. Cookman, appeals from the order entered in the Chester County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On January 13, 1989, a jury convicted Appellant of attempted rape, attempted involuntary deviate sexual intercourse, indecent assault, terroristic threats, and simple assault.  The court sentenced Appellant on June 13, 1989, to an aggregate term of 11½ to 23 months' imprisonment plus 23 years' probation.   After Appellant's third probation violation, the court sentenced Appellant on June 4, 2002, to 11½ to 23 years' imprisonment. Appellant did not file a direct appeal.

On February 12, 2004, Appellant filed *pro se* his first PCRA petition, which the PCRA court denied on December 3, 2004.  This Court affirmed the

denial of PCRA relief on July 19, 2006. *See Commonwealth v. Cookman*, 907 A.2d 1130 (Pa.Super. 2006).

Appellant filed a *habeas corpus* petition on October 3, 2017, for relief under *Commonwealth v. Muniz*, ___ Pa. ___, 164 A.3d 1189 (2017). The PCRA court treated the filing as a PCRA petition, appointed counsel, held a hearing on December 11, 2017, and denied relief. Appellant timely filed a notice of appeal on January 10, 2018. The PCRA court ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 17, 2018. Counsel filed a statement of intent to file a *Turner/Finley*[1] brief on February 5, 2018. Counsel has filed a petition to withdraw in this Court and a *Turner/Finley* brief.[2] Appellant did not file a response.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA. *See Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same

_____

[1] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Counsel has fully complied with the *Turner/Finley* requirements. *See Commonwealth v. Wrecks*, 931 A.2d 717 (Pa.Super. 2007) (discussing counsel's obligations under *Turner/Finley*).

purpose). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant styled his petition as one for a writ of *habeas corpus* but challenged the constitutionality of his sex offender registration under SORNA, which is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i). Thus, the PCRA court properly treated Appellant's filing as a PCRA petition. *See Jackson, supra*. Appellant's judgment of sentence became final on July 5, 2002, upon expiration of the time to file a direct appeal with this Court. *See* Pa.R.A.P. 903(a); 1 Pa.C.S.A. § 1908 (stating legal holidays are omitted from computation of time). Appellant filed the current petition for collateral relief on October 3, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not assert or prove any of the statutory exceptions to the PCRA time-bar. *See id.*; *Commonwealth v. Murphy*, 180 A.3d 402, (Pa.Super. 2018) (stating petitioner cannot rely on *Muniz* to meet timeliness exception under Section 9545(b) until Supreme

Court holds so). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Zeigler, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/18